UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITCHELL PLASENCIA, LUIS
FEBLES and PATRICK PRUDEN, on
behalf of himself and others similarly
situated,

        Plaintiffs,

v.                                      Case No:   2:13-cv-449-FtM-29CM

KASCO SERVICES
CORPORATION,

        Defendant.
_____

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the parties' Second Renewed[2] Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal (Doc. 43) filed on March 14, 2014, and the Settlement Agreement.  Doc. 43-1.  The Plaintiff

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied the parties' first two requests for approval on the grounds that the settlement agreement was not signed by all parties (Doc. 38), and there was no indication whether the amount attorneys' fees were negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.  Doc. 42.  The Court stated in its previous Order that any further settlement agreement submitted to the Court should have the confidentiality provision stricken from it pursuant to *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute.").  The instant Settlement Agreement has the confidentiality provision redacted and counsel inform the Court that the parties authorized counsel to cross out the confidentiality provision and initial the modification of the settlement agreement.  Doc. 43 at 2, n.1.

Mitchell Plasencia ("Plasencia"), Luis Pebles ("Pebles"), and Patrick Pruden ("Pruden"), are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement

> in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs worked for the Defendant as repair technicians. Docs. 1, ¶¶ 24; 20, 22. As a reasonable compromise of the disputed issues, the Defendant has agreed to pay Plaintiff Plasencia the sum of $10,290.00 for overtime wages and $10,290.00 as liquidated damages; Plaintiff Febles the sum of $10,290.00 for overtime wages and $10,290.00 as liquidated damages; and Plaintiff Pruden the sum of $3,442.50 for overtime wages and $3,442.50 as liquidated damages. The Defendants further agree to pay Plaintiffs' attorneys' fees and costs in the amount of $6,500.00. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. (Doc. 43 at 2, 4). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 43. Thus, having reviewed the settlement documentation (Doc. 43-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, it is hereby respectfully recommended that:

1. The Second Renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal (Doc. 43) be **GRANTED,** and the Settlement Agreement (Doc. 43-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action and the Clerk be directed to close the file.

**DONE AND ENTERED** at Fort Myers, Florida on this 21th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Honorable John E. Steele
Counsel of record